# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50239 | **DATE** | 4/14/2008 |
| **CASE TITLE** | Solache vs. Grupo Antolin UAW | | |

**DOCKET ENTRY TEXT:**

Plaintiff's latest motion to appoint counsel is denied.

■ [ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff filed this case on 12/13/07, alleging that his former employer discriminated against him on the basis of color, national origin, race, and sex in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. On 1/4/08, plaintiff appeared in person before Judge Kapala to present his initial motions for leave to proceed in forma pauperis and for appointment of counsel. The affidavit plaintiff submitted in support of his motion for leave to proceed in forma pauperis represented that he had never been represented by an attorney appointed by the court in any other proceedings. During the 1/4/08 hearing on plaintiff's motions, Plaintiff represented under oath that he had never filed suit in this court before.

    However, Mr. Solache has actually filed multiple suits before this court in the past, and has in fact been appointed counsel before in direct conflict with his sworn testimony. *See Solache v. Nissan Forklift Corp.*, No 03 C 50077 (N.D. Ill. W.D. 2003); *Solache v. Loves Park Police Dept.*, No. 07 C 50136 (N.D. Ill. W.D. 2007). Judge Kapala denied plaintiff's motions and directed the U.S. Attorney's Office to file an order to show cause why plaintiff should not be held in contempt for his false statements. Plaintiff subsequently pled guilty to criminal contempt relating to his misrepresentations. *See USA v. Solache*, 08 CR 50003 (N.D. Ill. W.D. 2008).

    Plaintiff has since paid the required filing fee and was given until 3/26/08 to retain counsel. On 3/28/08, two days past the court's deadline by which plaintiff was to retain counsel, plaintiff filed his second Motion for Appointment of Counsel, which is the subject of this order.

    Civil litigants do not have a constitutional or statutory right to counsel in federal court. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, a Plaintiff may request the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), which provides that a court "may request an attorney to represent any person unable to afford counsel." Before the court will entertain such a motion, the court must first be satisfied that the Plaintiff has made reasonable efforts to retain private counsel and was unsuccessful in doing so. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Once the Plaintiff makes this preliminary showing that he has made reasonable efforts to secure counsel on his own, it is then discretionary on the part of the

**STATEMENT**

court whether the request should be granted. *See Johnson*, 433 F.3d 1006.

According to plaintiff's 3/28/08 motion to appoint, Plaintiff has consulted with one attorney about taking his case. Plaintiff claims that he could not afford to retain this particular attorney's services because plaintiff's "bank account is on $0.00." The 3/28/08 motion to appoint states that his previous financial affidavit supports his current motion and is a true and correct representation of his financial status. Yet his financial affidavit states that he has a positive balance in his account of $203.80. The court recognizes that whether plaintiff actually has $0.00 in his account or $203.80 may not make the difference between affording to retain private counsel and qualifying to have counsel appointed. However, the discrepancy between plaintiff's latest motion to appoint and the financial affidavit in support is useful insofar as it demonstrates that plaintiff has yet to learn, despite being convicted of criminal contempt, the principle embodied in Justice Holmes' oft-quoted remark that "[m]en must turn square corners when they deal with the government." *Rock Island A. & L.R. Co. v. United States,* 254 U.S. 141, 143 (1920).

Assuming for arguments sake that plaintiff were to have made a preliminary showing of reasonable efforts to retain counsel, which he has not done by contacting only a single attorney, the court would still decline to appoint counsel in this case. Pursuant to L.R. 83.36, the court is to take the following into consideration when determining whether appointment of counsel is necessary: (1) the potential merit of the claims as set forth in the pleadings; (2) the nature and complexity of the action, both factual and legal, including the need for factual investigation; (3) the presence of conflicting testimony calling for a lawyer's presentation of evidence and cross-examination; (4) the capability of the *pro se* party to present the case; (5) the inability of the *pro se* party to retain counsel by other means; (6) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel; and (7) any other factors deemed appropriate by the judge.

To put it bluntly, the merit of plaintiff's case is questionable, the action is not overly complex, any concern over presenting evidence or conducting cross examinations is premature, plaintiff appears capable of self representation, and the interests of justice do not weigh in favor of appointing counsel for plaintiff.

Plaintiff's latest motion to appoint is denied.