UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EDGAR SOLACHE, | : | Case No. 3:07-cv-50239 |
| Plaintiff, | : | Honorable Frederick Kapala, District Court Judge |
| v. | : | |
| GRUPO ANTOLIN and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | : | Honorable P. Michael Mahoney, Magistrate Judge |
| Defendants. | : | |

## DEFENDANT UAW's MOTION TO DISMISS

Defendant, International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (hereinafter UAW), by its attorneys, Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C., moves the Court for an Order to Dismiss the Complaint allegations against UAW on that grounds that it fails to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support hereof, Defendant UAW states as follows:

1. This is an action by Plaintiff for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, alleging unlawful discrimination on the basis of Color, National Origin, Race and Sex.

2. In ¶7.1(a) of his Complaint, Plaintiff alleges that he has filed a charge against the defendant asserting the acts of discrimination indicated in this Complaint with the United States Equal Employment Opportunities Commission (hereinafter "EEOC").

3. In ¶7.1(b) of his Complaint, Plaintiff alleges that a copy of the EEOC charge is attached to his Complaint.

4. The EEOC charge attached to Plaintiff's Complaint (Charge No. 440-2008-1214) names his former employer, Defendant Grupo Antolin, as the party charged with discrimination.

5. Plaintiff did not allege that he filed an EEOC charge against the UAW.

6. Plaintiff did not allege that he received a "Right to Sue" letter from the EEOC, authorizing a civil suit against the UAW.

7. It is well-settled that filing a charge alleging unlawful discrimination under Title VII <u>and</u> obtaining a "Right to Sue" letter from the agency is a condition precedent to filing a civil action under Title VII. <u>Hottenroth v. Village of Slinger</u>, 388 F.3d 1015 (7th Cir. 2004)(allowing a plaintiff to bypass the EEOC and head straight for the courts would frustrate Congress' clear and unambiguous purpose in creating the agency); <u>Perkins v. Silverstein</u>, 939 F.2d 463 (7th Cir. 1991)(Title VII claims dismissed where plaintiff failed to file an EEOC charge and obtain a Right to Sue letter against the defendant); <u>Moore v. Allstate Ins. Co.</u>, 928 F. Supp. 744, 749 (N.D. Ill. 1996)(EEOC charge and Right to Sue letter must implicate the same individuals).

8. The EEOC charge filed against Plaintiff's former employer, Grupo Antolin, does not satisfy the filing requirements, where the Plaintiff must give every defendant the

opportunity to participate in the administrative process. <u>Moore v. Allstate</u>, *quoting* <u>Cheek v. Western & Southern Life Ins. Co.</u>, 31 F.3d 497, 501 (7th Cir. 1994)(the EEOC charge and the Complaint must describe the same conduct and implicate the same individuals).

9. Inasmuch as the Plaintiff has failed to satisfy the condition precedent of filing an EEOC charge and obtaining a Right to Sue letter against Defendant UAW, the allegations against Defendant UAW must be dismissed.

Respectfully submitted,

Dated:

*/s/ Judiann Chartier*
Judiann Chartier
Katz, Friedman, Eagle, Eisenstein,
Johnson & Bareck, P.C.
77 West Washington Street - 20th Floor
Chicago, IL 60602
(312) 263-6330