IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| EDGAR SOLACHE, | Case No. 3:07-cv-50239 |
| Plaintiff, | Judge Frederick J. Kapala |
| v. | Magistrate Judge P. Michael Mahoney |
| GRUPO ANTOLIN and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | |
| Defendants. | |

## UAW'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (hereinafter UAW), by its attorneys, Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, submits this Memorandum of Law in Support of its Motion to Dismiss which is based on Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

Solely for the purposes of this Rule 12(b)(6) Motion to Dismiss, the Defendant UAW must accept as true the factual averments of Plaintiff Edgar Solache's Complaint.[1]

Plaintiff alleges that his former employer, Grupo Antolin, discriminated against him on the basis of his color, national origin, race and sex. (Complaint at ¶9). Plaintiff alleges

---

[1] The Plaintiff does not allege any relationship with, membership in, or employment by the Defendant UAW.

that such discrimination began on October 31, 2007, and ended with his termination. (Complaint at ¶¶6, 12). He alleged being harassed and discriminated against by a Caucasian female, and being terminated by Grupo Antolin in response to his complaining about such harassment. (Complaint at ¶13).

Plaintiff alleged that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2007. (Complaint at ¶7). He alleged that a copy of the charge was attached to his Complaint. (Complaint at ¶7). The EEOC charge attached to the Plaintiff's Complaint named Grupo Antolin as the sole discriminating party.[2] (Attached hereto as Exhibit 1). He described the alleged discriminatory treatment as follows:

> I began my employment with Respondent in August 2007. My most recent position was worker. During my employment, I was subjected to harassment. I complained to Respondent. Subsequently, I was disciplined and discharged. I believe I have been discriminated against because of my national origin, Hispanic, my sex, male, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Plaintiff alleges in his EEOC charge that he began employment with Grupo Antolin in August 2007, and was terminated November 29, 2007. Plaintiff does not allege that he completed his probationary period, entitling him to challenge discipline under any contract or agreement. Plaintiff does not allege that the Defendant UAW was provided with any notice of the alleged discriminatory acts prior to his filing the instant suit for damages.

---

[2] Contrary to his assertion that the EEOC charge was filed on December 3, the face of the charge indicates that it was received by the agency on December 12, 2007.

Plaintiff's sole allegation against UAW is that the Union failed to represent or defend him under the terms of the collective bargaining agreement.[3] (Complaint at ¶13). Plaintiff does not allege what, if any, terms of the collective bargaining agreement required the UAW to take any action on his behalf. Plaintiff does not allege that he was a member of, or employed by, Defendant UAW in his Complaint.

Plaintiff alleged that the EEOC had not issued a Notice of Right to Sue at the time he filed his Complaint. (Complaint at ¶8). Plaintiff subsequently obtained and filed a Notice of Right to Sue with the Court in January 2008. (Attached hereto as Exhibit 2). The Notice of Right to Sue authorized Plaintiff to sue only his former employer, Grupo Antolin.

Plaintiff does not allege that he filed a charge of discrimination, or obtained a Notice of Right to Sue, against Defendant UAW. Plaintiff does not allege that he was a member of, or employed by, Defendant UAW.

## ARGUMENT

### I. Plaintiff Fails to State A Claim Upon Which Relief May be Granted

A Complaint will be dismissed if it is clear that the plaintiff can prove no set of facts consistent with his allegations that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950 (7th Cir. 1999). It is well-settled that to pursue a claim of unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* a plaintiff must exhaust his administrative remedies by 1) filing a charge of discrimination against the

---

[3] Defendant UAW strenuously objects to this factual assertion.

defendant with the EEOC or a parallel state agency, <u>and</u> 2) obtaining a Notice of Right to Sue against the defendant. 42 U.S.C. §2000e-(5)(e); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128 (7th Cir. 1995). Plaintiff does not allege that he filed an EEOC charge, or obtained a Notice of Right to Sue, against the Defendant UAW. Plaintiff can prove no set of facts consistent with his allegations that would entitle him to maintain a cause of action for relief under Title VII. Accordingly, the Defendant UAW's Motion to Dismiss should be granted.

### A. Filing an EEOC Charge and Obtaining a Right-to-Sue Letter are Conditions Precedent to Filing Suit for Unlawful Discrimination

Obtaining a "right-to-sue" letter against an employer is a condition precedent to filing suit under Title VII. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1035 (7th Cir. 2004); *Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991). In *Perkins*, the trial court dismissed the plaintiff's Title VII claims for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), citing the plaintiff's failure to allege that he filed a charge of discrimination with the EEOC and obtained a right-to-sue letter. 939 F.2d at 466. The Seventh Circuit rejected the conclusion that failing to file an EEOC charge and obtaining a right-to-sue letter deprived the court of subject matter jurisdiction under 12(b)(1), but found instead that exhausting the administrative process was a condition precedent. *Id.* at 470. A plaintiff's failure to file an EEOC charge and obtain a right-to-sue letter against his employer subjects his suit to dismissal under Rule 12(b)(6). *Worth v. Tyer*, 276 F.3d at 259. *See also Schnellbaecher*, 887 F.2d at 126-127 (as a general rule, a party not

named in an EEOC charge may not be sued under Title VII).

Here, Plaintiff filed his EEOC charge against his former employer, Grupo Antolin. The face of the EEOC charge asks the complainant to name "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me." The Plaintiff did not name the UAW as a discriminating party.

### B. The EEOC Charge Filed by the Plaintiff Did Not Allege or Describe any Conduct by the Defendant UAW

Plaintiff's description of the alleged discriminatory conduct, contained in the EEOC charge attached to his Complaint, is as follows:

> I began my employment with Respondent in August 2007. My most recent position was worker. During my employment, I was subjected to harassment. I complained to Respondent. Subsequently, I was disciplined and discharged. I believe I have been discriminated against because of my national origin, Hispanic, my sex, male, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Clearly, the conduct alleged in the EEOC charge Plaintiff filed pertained solely to the alleged acts of his former employer. In his description of the alleged unlawful conduct, he does not mention or even refer to the UAW. Allegations not contained in the EEOC charge may not be litigated in a subsequent civil action. *Moore v. Allstate Ins. Co.*, 928 F.Supp. 744, 748 (N.D. Ill. 1996)(sex discrimination allegations dismissed where plaintiff alleged only race discrimination in EEOC charge), *citing Cheek v. Western & Southern Life Inc. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Thus, even if the Plaintiff here had named the UAW as a party in

the EEOC charge, his failure to describe any wrongdoing by the Union would still warrant a dismissal of the allegations against the UAW in the Complaint under Rule 12(b)(6). The EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. *Cheek*, 31 F.3d at 501.

Allowing a plaintiff to "bypass the EEOC and head straight for the courts would indeed frustrate Congress' clear and unambiguous purpose in creating the agency...." *Hottenroth*, 388 F.3d at 1035. Had the Plaintiff complied with the administrative prerequisites and filed a charge against the UAW, the Union would have been on notice of his concerns, and could have advised him what rights he had – and more importantly did not have – as a new employee at Grupo Antolin. The UAW could have participated in the agency's conciliatory process. Plaintiff's failure to file an EEOC charge and obtain a Notice of Right to Sue against the UAW requires a dismissal of the Complaint allegations against the UAW.

## CONCLUSION

For the reasons set forth above, Defendant UAW asks the Court for an Order dismissing the allegations against the UAW in Plaintiff's Complaint.

Respectfully submitted,

Dated:    May 29, 2008                   Judiann Chartier, Attorney for UAW

# Exhibit 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2008-01214 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Edgar P. Solache | Home Phone (Incl. Area Code)<br>(815) 547-4834 | Date of Birth |
|---|---|---|

Street Address: 624 E. Madison Street, Belvidere, IL 61008

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>GRUPO ANTOLIN | No. Employees, Members<br>201 - 500 | Phone No. (Include Area Code)<br>(815) 544-8020 |
|---|---|---|

Street Address: 642 Crystal Parkway, Belvidere, IL 61008

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-31-2007   Latest: 11-29-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in August 2007. My most recent position was Worker. During my employment, I was subjected to harassment. I complained to Respondent. Subsequently, I was disciplined and discharged.

I believe I have been discriminated against because of my national origin, Hispanic, my sex, male, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
DEC 1 2 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

Dec 12, 2007
Date / Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Exhibit 2

EEOC Form 161-B (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Edgar P. Solache**
624 E. Madison Street
Belvidere, IL 61008

**CERTIFIED MAIL 7099 3400 0014 4054 0552**

From: **Chicago District Office**
500 West Madison St
Suite 2800
Chicago, IL 60661

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01214 | **Sarronda Harris,** Investigator | (312) 886-9320 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*     12/20/2007
John P. Rowe,
District Director    (Date Mailed)

Enclosures(s)

cc:    **GRUPO ANTOLIN**